HIRSCH *v.* NEW YORK & G. L. R. CO.

*(Supreme Court, General Term, Second Department.* July 2, 1889.)

CARRIERS OF PASSENGERS—NEGLIGENCE.

It is gross negligence for an engineer of an incoming train to run his engine between a passenger train and the waiting-room of a depot at a time when passengers might wish to take the train, and it is for the jury to determine whether a passenger who crosses the track, without looking, to take the train, is guilty of negligence.

Appeal from circuit court, Kings county.

Suit by Jean Hirsch against the New York & Greenwood Lake Railroad Company, to recover damages for injuries received while attempting to get on one of defendant's trains from a waiting-room in the depot. Judgment for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Tracy, MacFarland, Boardman & Platt,* for appellant. *J. E. Swanstrom,* for respondent.

DYKMAN, J.   The similitude between this case and the case of *Terry* v. *Jewett*, 78 N. Y. 338, justifies the quotation of that case as an authority against the defendant on this appeal.   In both cases the injured person undertook to cross a track between the station-house and the train he desired to enter, and in both cases the injury resulted from the propulsion of a train between the passenger train and the station upon the intervening track, occupying the space over which the passenger was required to pass.   In the case cited the court held the act of the engineer to be grossly negligent, and that it was not negligent as a matter of law for the injured person to attempt to cross the track without looking, but that the question of contributive negligence was one of fact for the jury.   Here the engineer of the incoming train, which injured the plaintiff, ran his engine between the passenger train and the waiting-room at a time when passengers might desire to pass from the platform to the train, and when they had a right to believe they might do so with safety, and, under the doctrine inculcated by the *Terry Case*, that was an act of gross negligence.   We think the case was properly submitted to the jury, and that the appeal is without merit.   The judgment and order denying the motion for a new trial should be affirmed, with costs.