## Matthews, Appellant, *v.* Pennsylvania R. R. Co.

*Railroads—Station platform—Negligence—Contributory negligence.*

At Collins station, on the line of the defendant's railroad, there was a passenger platform flush with the tracks of the railroad, at each end of which was a smaller raised freight platform, which stood four feet away from the outer rail of the tracks. The main platform was continued into this space between the smaller platform and the tracks. There was no notice, nor was there any gate, bar or rail to prevent passengers from going into this space. It was testified that the bumper of the engine extended laterally beyond the edge of the rail about twenty inches, thus leaving a space of twenty-eight inches between the edge of the smaller platform and a passing train. Plaintiff's husband having gone to this station for the purpose of taking a train, was standing with a companion in this narrow space, each having his back toward the train and leaning on the raised platform. Plaintiff's husband having been notified that the train was coming, stepped around his companion, and while in the act of doing so, was struck by the approaching train, receiving injuries from which he died. At the conclusion of plaintiff's testimony, the court entered a nonsuit:

*Held,* not to be error. There was nothing in the construction of the platform to make it dangerous, and the accident was the result of the negligence of deceased.

Argued March 23, 1892.   Appeal, No. 111, Jan. T., 1890, by plaintiff, Mary R. Matthews, from decree of C. P. No. 4, Phila. Co., March T., 1887, No. 770, refusing to take off nonsuit.   Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Case to recover damages for the death of plaintiff's husband.

At the trial before WILLSON, J., the evidence was to the following effect:

Plaintiff's husband went to Collins station, Lancaster county, for the purpose of taking a train of defendant company. There was at the said station a passenger platform, resting on the ground at the side nearest the rails and supported by joists at the other side, which was flush with the tracks of the railroad and about one hundred and thirty feet in length and from eight to ten feet in width. At each end of this passenger platform was a raised platform, used as a baggage, freight or milk platform. The raised platform at the west end was thirty feet eight inches in length, ten feet in width, and its average height

was two feet eight and one half inches.    This elevated platform stood four feet back or away from the outer rail of the tracks. The passenger platform extended and was continued into this space of a width of four feet between the raised platform and the outer rail and along the full length of the raised platform. There was no warning board or notice, nor was there any gate, bar or rail at this contracted portion of the platform to forbid passengers from going thereon.    It was testified that the bumper or deadwood of the engine extended laterally out from or beyond the edge of the rail about twenty inches, so that the entire passenger platform was swept or overlapped by the bumper of the engine to a distance of twenty inches from the outer edge of the platform.

Deceased and a companion stood on the lower platform, about the middle of the raised platform, facing the latter and leaning upon it while engaged in conversation.    The deceased stood on the side from which the train was to come.    His companion testified that he looked up and saw the train within a short distance approaching the platform.    He then said to deceased, " Sam, there is your train coming, " and deceased replied, " Yes, that is my train, " and thereupon stepped around the witness to go and get his valise which was at the other end of the raised platform.    While he was behind the witness and in the act of passing around him in the direction in which the train was moving, he was struck by the bumper or other projecting portion of the engine, and was thrown down.    In falling, one of his legs fell in front of one of the wheels of the engine and was run over and crushed, from the effects of which in a few days thereafter he died.    The train was at that time being run by the fireman and not by the engineer, at the rate of eight to ten miles per hour, and was a few minutes late.

In the course of the trial plaintiff's counsel asked a witness on the stand the following question : " Have you noticed on other roads the construction of raised platforms for purposes similar to this at Collins station, how they differed from this particular construction there, and whether they avoided what may be deemed objections to these structures, and whether they were so constructed on other roads as to avoid such objections ? "

Objected to ; objection sustained ; exception. [3]

At the conclusion of plaintiff's testimony, counsel for defendant moved for a nonsuit, which was entered by the court. The court in banc afterward overruled a motion to take off the nonsuit. Plaintiff appealed.

*Errors assigned* were (1) entering nonsuit; (2) refusing to take it off; (3) overruling the above offer of evidence, quoting the question.

*Furman Sheppard,* for plaintiff in error, cited: McDonald v. Chicago etc. R. R. Co., 26 Ia. 124; Chicago etc. R. R. Co. v. Wilson, 63 Ill. 167; Langhan v. St. Louis etc. R. R. Co., 72 Mo. 392; 3 Am. & Eng. R. R. Cas. 355 : Dobiecki v. Sharp, 88 N. Y. 203; Sullivan v. Vicksburg etc. R. R. Co., 30 Am. & Eng. R. R. Cas. 168; Archer v. N. Y. etc. R. R. Co., 106 N. Y. 589; P. R. R. Co. v. Henderson, 51 Pa. 315; Taylor v. Del. & Hudson Canal Co., 113 Pa. 175; Whalen v. Ill. etc. R. R. Co., 16 Bradw. 320; Dickinson v. Railway Co., 53 Mich. 43; Illinois Central R. R. Co. v. Welch, 52 Ill. 183; Chicago etc. R. R. Co. v. Gregory, 58 Ill. 272; C. & A. R. R. v. Pondrom, 51 Ill. 333; Spencer v. R. R., 17 Wis. 493; Riley v. Railway Co., 27 W. Va. 145; Kearns v. R. R. Co., 66 Ia. 599; Union Pacific Railway v. Sue, 41 N. W. Rep. 801; Walsh v. Oregon Railway Co., 10 Ore. 250; Chicago etc. R. R. v. Russell, 91 Ill. 298; Ferren v. Old Colony R. R., 143 Mass. 197.

*David W. Sellers,* for appellee, cited: P. R. R. Co. v. Bell, 122 Pa. 58; Marland v. Pittsburgh and Lake Erie R. R. Co., 123 Pa. 487.

PER CURIAM, April 18, 1892:

We are of opinion that the learned judge below was fully justified in refusing to take off the nonsuit. There was no evidence of negligence on the part of the defendant company to submit to the jury. The deceased while waiting at Collins' station for a train, and while standing on the platform, was struck by the bumper of the locomotive, causing an injury from which he subsequently died. There was nothing in the construction of the platform to make it dangerous. The accident was the result of his own negligence, in standing so near the track as to be struck by the passing engine. To submit such a case to a jury would be merely to permit them " to rob Peter to pay Paul."

Judgment affirmed.