# Richmond.

NORFOLK & WESTERN RAILWAY COMPANY V. HAWKES.

FEBRUARY 10, 1904.

Absent, Cardwell, J.

1. NEGLIGENCE—*Standing on Depot Platform Near Passing Train—Projecting Trains.*—A railroad employee of intelligence whose duty it is to attend passenger trains and receive the mail-pouch, and who seeing a train approaching, stands near the edge of the depot platform, which is twelve feet wide, cannot recover for an injury inflicted upon him by reason of being struck by the train which projected tortuously from one to ten inches over said platform. His contributory negligence bars his recovery. Common prudence would have suggested to him to stand out of harm's way. It is immaterial that he thought he was in a safe position, or that danger was not present to his mind. Such thoughtlessness is negligence, for which the company is not liable.

Error to a judgment of the Circuit Court of Nottoway county in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*William Hodges Mann* and *Joseph I. Doran,* for the plaintiff in error.

*T. Freeman Epes* and *James F. Epes,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by Samuel Hawkes, a minor, suing by his mother, as next friend, to recover from the Norfolk & Western Railway Company damages for injuries alleged to have been received in consequence of the negligence of the defendant company.

It appears that there is at Blackstone, Va., a station of the defendant company, which has in front of it a platform 95 feet long and 12 feet wide. This platform has a straight edge on the side next to the railroad track, while the track has a slight curve that would not be observed unless attention was called to it. The result of this curve is to bring a train, when it reaches the station, closer to the platform at some points than others; the projection of the cars over the platform varying from $1\frac{1}{4}$ inches at the ends, to 10 inches at the nearest point of contact between the rail and the platform.

On the 18th day of May, 1902, about 11:55 P. M., the plaintiff, a youth 19 years of age, who was an employee of the railroad company, went upon the platform, in the discharge of his duty, to take the mail bag off the express car; and, as the train pulled in, he was struck by it and thrown down, with one leg under the wheels of the engine, resulting in injuries that made amputation of the leg necessary.

It is averred that it was negligence in the defendant company to employ a youth 19 years of age, without the consent of his mother, his father being dead, and without requiring him to file a written application setting forth his age, experience, and other necessary qualifications; that it was also negligence in the defendant not to furnish the plaintiff with a copy of its rules, and not to give the plaintiff particular instructions touching the dangers and perils of his employment. The averment of negligence, however, chiefly relied on, is that, in careless disregard of the ordinary rules of safety, the defendant company erected its

station so near the tract that the trains, in passing, projected tortuously over the platform thereof; that the railway track at the point where the station was located was curved, and the front edge of the platform, along beside which the trains passed, was in a straight line, in consequence whereof both the points and the extent of the projection of passing trains over the platform were irregular, unequal, uncertain, and misleading, so that, while a person occupying a position a given distance back from the front edge of the platform, at one point thereon, might be safe, yet, if the same person were to occupy a position the same distance back from the front edge of the platform at another point, it would be fatally dangerous.

The jury found a verdict for the plaintiff, and assessed his damages at $1,500. A motion for a new trial on the ground that the verdict was contrary to the law and the evidence, and for other reasons, was overruled, and judgment was given for the plaintiff, to which ruling the defendant excepted.

In the view taken by this court, it is unnecessary to consider any other assignment of error than that which involves the refusal of the lower court to set aside the verdict as contrary to the law and the evidence; and, in dealing with that subject, it is wholly unnecessary to enter upon a consideration of the question whether or not any actionable negligence has been traced to the defendant company, for, if such negligence were conceded, the plaintiff, upon well-settled principles, would not be entitled to recover; the injury of which he complains being the result of his own reckless and inexcusable negligence.

The evidence shows that the plaintiff was a person of intelligence, and that the only duty he had to perform on the night of the accident was, when the passenger train reached the station, to take from the messenger on the express car the United States mail bag. He had been in the service of the defendant for 18 days, and had performed this same duty on 34 former occasions. The platform was 12 feet wide at the point of the

accident, and the overlap of the train at that point was 6½ inches. This left 11 feet 5½ inches of platform where the plaintiff could have stood in safety. He says that he saw the train coming, and knew that it was dangerous to stand too close to it; and yet he negligently put the 11 feet 5½ inches of safe platform behind him, and took his stand on the 6½ inches, where the danger apparent from an approaching locomotive was enough to frighten back the most foolhardy. The plaintiff says he thought he was safe. It makes no difference that the danger was not in the plaintiff's mind. Such thoughtlessness is negligence which cannot be charged to the defendant company. *Southern Ry. Co.* v. *Mauzy,* 98 Va. 699, 37 S. E. 285. The plaintiff had reached the age of discretion. Ordinary care would have required him to have kept far enough from the edge of the platform to be out of the way of the engine he knew to be approaching. His negligence in getting too near the track, when it was not necessary to do so, not only exposed him to, but brought upon him, the injury of which he complains.

In *B. & O. R. Co.* v. *Whittington's Adm'r,* 30 Gratt. 805, an employee of the railroad company, who was engaged in mending the track, stood near enough to the track to be struck by a train if there should have been an increase of speed, or a wider car passing. He might have stood further off and been safe. This court declared him to be guilty of the greatest imprudence and negligence, and denied a recovery for his death. Judge Staples, delivering the opinion of the court, said: "But it is obvious to every mind that a man who stands near enough to a railroad track to be struck by a train, if perchance there should be an increase of speed, or a change of cars, is simply guilty of the greatest imprudence and negligence.

"No man is justified in placing himself near a passing train upon any such idea or presumption. It is inexcusable rashness and folly to do so. The instincts of self-preservation, the dictates of the most ordinary prudence, would suggest, and even

require, that every person, upon the approach of a train, shall retire far enough to avoid injury, whatever may be the speed of the train or the width of the cars. He must, at his peril, place himself where he cannot be struck by the train so long as it continues upon its track. Of course, the result might be very different where the employee, in remaining on or near the track, is acting under the instructions of the company.

"In the present case the deceased both saw and heard the train long before it reached him. It is not denied he had ample time to get out of the way."

In the case at bar it was not a question of having time to get out of the way. The plaintiff was in a place of safety, and put himself, unnecessarily and negligently, in the way. In the case of passengers upon the station platform of a railroad, it has been repeatedly held that they could not recover where they had been guilty of negligence in going near enough to the edge of the platform to be struck by a passing train. *Chicago, B. & Q. R. R.* v. *Mahara,* 47 Ill. App. 208; *Matthews* v. *Pennsylvania Ry. Co.,* 148 Pa. 491, 24 Atl. 67; *Dotson* v. *Erie R. Co.* (N. J. Err. & App.), 54 Atl. 827.

In the case last cited, a passenger was struck, while walking near the edge of a station platform, by the pilot beam of a passing engine, which projected over the platform. The court declared that there was no question of negligence by the company, and denied a recovery. In a well-considered opinion, the court said:

"It is undoubtedly a settled rule that a railroad company is under a duty to exercise ordinary and reasonable care to so construct and maintain station buildings, platforms, and approaches that they shall be safe for use by passengers. Elliott on Railroads, 1590. But this use is to be exercised in conformity to the manifest purpose for which the structure in question is adapted. And so a railroad company is only required to build platforms of sufficient dimensions to accommodate passengers

getting on and off at their stations. *Harkey* v. *R. & P. Ry. Co.,* Fed. Cas. No. 6,065; *Taylor* v. *Pennsylvania Co.* (C. C.), 50 Fed. 755; *Moreland* v. *Boston & C. R. R.,* 141 Mass. 31, 6 N. E. 225; *Kelly* v. *Manhattan Ry.,* 112 N. Y. 440, 20 N. E. 383, 3 L. R. A. 74; *Lafflin* v. *Buffalo R. Co.,* 106 N. Y. 136, 12 N. E. 599, 60 Am. Rep. 433. It is manifest that this duty requires the railroad company to construct its platform sufficiently near to the rails that it will afford to passengers, including the aged and infirm, a safe exit to.and from the trains. And it is a matter of common knowledge that in performing this duty the platforms along the best-regulated railroads are built so near the rails that the projections from the engines and cars will overlap, to some extent, the edge of the platform. While the extreme edge of the platform is perfectly safe for passengers when occupying it for the purpose to which it is manifestly adapted, it is a matter of common knowledge that it is a place of danger when occupied while trains are passing or are likely to pass. It is the plain duty of the passenger, when not getting on or off a train, but while he may be waiting upon the platform, or engaged in walking upon it, to keep such a distance from the edge of it next to the rail that he would be beyond the reach of the projections of ordinary trains. And the company is not liable for injury to a passenger who suffers himself to go beyond such a limit, and is injured by a passing train. It was held in *C. B. & Q. R. R.* v. *Mahara,* 47 Ill. App. 208, that where a platform is wide enough to give room for safety the fact that it is so built that the edge nearest the track cannot be safely occupied as a standing place while trains are passing is not negligence. In *Matthews* v. *Pa. R. Co.,* 148 Pa. 491, 24 Atl. 67, it was held that where a passenger waiting for a train at a station, the platform of which is properly constructed, stands so near the track as to be struck and killed by the bumper of a passing locomotive, the railroad company is not liable. See, also, *McGeehan* v.

*Lehigh Valley R. Co.,* 149 Pa. 188, 24 Atl. 205; *Pa. R. R. v. Bell,* 122 Pa. 58, 15 Atl. 561."

The negligence of the plaintiff was the proximate cause of his injury, and in such a case there can be no recovery.

For these reasons, we are of opinion that the lower court erred in overruling the motion of the defendant company to set the verdict aside, and its judgment must therefore be reversed, and the case remanded for a new trial.

*Reversed.*