## BRADLEY *v.* DAVIS.

RAILROADS—NEGLIGENCE—FAILURE TO LOOK—CONTRIBUTORY NEGLI-
GENCE.

In an action against a railroad company for personal in-
juries received by plaintiff when she was struck by de-
fendant's train while crossing its tracks to reach a point
from which she intended to board another train, where it
was undisputed that the approaching train could be seen
for a distance of three miles, and that had plaintiff looked
with the slightest degree of care she could not have failed
to see it, the court below properly held that. she was
guilty of contributory negligence as a matter of law.

Error to St. Clair; Tappan (Harvey), J. Sub-
mitted April 25, 1923. (Docket No. 56.) Decided
June 4, 1923.

Case by Jessie Bradley against James C. Davis,
director general of railroads, operating the Pere
Marquette Railway Company and the Grand Trunk
Western Railway Company, for personal injuries.
Judgment for defendant on a directed verdict. Plain-
tiff brings error. Affirmed.

*J. B. McIlwain* and *John M. Gleason,* for appellant.

*W. K. Williams* and *Parker, Shields & Seaton* (*H.
Geer, H. R. Martin,* and *Lincoln Avery,* of counsel),
for appellee.

CLARK, J. Near Port Huron is an interlocking
system between lines of the. Pere Marquette Railway
Company and lines of the Grand Trunk Western Rail-
way Company. Trains of the first named railroad,
at least of its Almont division, stop at the tower to
take and to discharge passengers. The stopping

On duty of passenger embarking or disembarking at station
to stop, look, and listen before crossing track adjacent to train,
see notes in 13 L. R. A. (N. S.) 621; 27 L. R. A. (N. S.) 128;
31 L. R. A. (N, S.) 338.

place is called Tappan. The place is not a scheduled stop of the other railroad. There is a platform about the tower and it seems that the first story of the tower is used to some extent as a waiting room. The tracks run east and west. North of the tower are several lines of track of the Grand Trunk Western Railway Company. South of the tower are the tracks of the other railroad. Northerly of the tower and of the Grand Trunk tracks was a small building used by employees. Leading from the vicinity of the building southerly toward the tower and across the Grand Trunk tracks was a path, used by employees and commonly used by persons approaching or leaving the tower. Just east of the tower a highway crossed the tracks. The tower could be reached from the highway by passing between the tracks, but the path was commonly used.

Plaintiff on April 10, 1919, at about 12:40 p. m., approached the tower from the north intending to take a Pere Marquette train due soon after 1 o'clock. No train was standing at the place. From the vicinity of the small building and on or near the path she started across the Grand Trunk tracks toward the tower. The day was cloudy with perhaps a trace of rain. There was a fresh breeze. Plaintiff held her hat on with one hand. She also carried an umbrella and a pocket book. It is not said that the umbrella was opened. She claims to have looked both ways before attempting to cross the tracks. The view was wholly unobstructed. A train approaching from the west could be seen a distance of 3 miles. When she started across the tracks, an approaching east-bound Grand Trunk passenger train was about 500 feet distant. She testified that she did not see the train. After having crossed two tracks, the view being wholly unobstructed while crossing, she was struck by the train and injured. A verdict was

directed for defendants on the ground that plaintiff was guilty of contributory negligence as a matter of law.    Plaintiff brings error.

We think it unnecessary to refer to the averments of negligence against defendants, being of the opinion that the trial judge was right in directing a verdict. The case is ruled by *Molby* v. *Railway,* 221 Mich. 419, where a plaintiff was held to be guilty of contributory negligence precluding recovery and where it was said:

"The case falls within that line of cases where the undisputed physical facts established by plaintiff's testimony demonstrate that had plaintiff looked with the slightest degree of care he could not have failed to see the approaching car or train, where the undisputed physical facts established by uncontradicted testimony demonstrate that either (1) plaintiff did not look, or (2) looked so indifferently as not to see a car in plain sight."

Had plaintiff been, when injured, in the act of leaving the tower or station and crossing intervening tracks to board a waiting train, or had she been leaving a train and crossing intervening tracks to reach the station, the case of *Tubbs* v. *Railroad Co.,* 107 Mich. 108 (61 Am. St. Rep. 320), relied on by plaintiff, might be applicable, but upon the facts of this case it is clearly distinguishable.

Judgment affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.