[S. F. No. 15296. In Bank.—April 24, 1935.]

PHILLIP FERRAN, Appellant, v. SOUTHERN PACIFIC
COMPANY et al., Respondents.

Daniel A. Ryan, Thomas C. Ryan and James W. Harvey for Appellant.

Dunne & Dunne and Arthur B. Dunne for Respondents.

THE COURT.—We adopt from the opinion prepared by the District Court of Appeal, First Appellate District, Division One, the following portion thereof:

"An appeal by the plaintiff from a judgment entered for the defendants, notwithstanding a verdict in the plaintiff's favor.

"The plaintiff was injured while waiting to board a northbound train at Lomita Park, a station on the railroad of the Southern Pacific Company, which company will be hereinafter referred to as the defendant. The railroad at this point consists of double tracks. Fronting the station the tracks are approximately eight feet apart. Upon the track nearest the station were operated the southbound trains, and upon the other track the northbound trains.

Certain passenger trains made regular stops at this station; others stopped only when flagged by passengers. The injury to the plaintiff occurred on the morning of June 14, 1931. He was at that time a resident of Lomita Park, and 'commuted' to and from San Francisco, where he was employed. A train bound for San Francisco and which would stop only upon signal was due at Lomita Park station at 8:22 a. m. The plaintiff held a regular commutation ticket and was awaiting this train. The station platform was macadamized as was the space between the tracks. According to the plaintiff, when he arrived at the station platform he looked in both directions for approaching trains; he saw no train approaching from the north, in which direction he had a clear view for about a mile. Looking south he saw the train he intended to board rounding a curve about half a mile away. He then walked to the macadamized space in front of the station and signaled the approaching train. He again looked to the north, and seeing no train in that direction, remained between the tracks, facing south. While in this position'' his elbow ''was struck by the overhang of the locomotive of a southbound passenger train which, according to schedule, did not stop at this station. He knew that during the morning hours through-trains from the north passed through the station without stopping.'' It should be noted here, however, that the southbound train, which usually met and passed the northbound train at Millbrae, a station about a mile and a half south of Lomita Park, was about two minutes late. ''The northbound train on this occasion stopped about 600 feet south of where the plaintiff was struck, and the southbound train was brought to a stop about the same distance south of the station. The engineer of the latter train died before the trial, but the defendant John E. Monroe, who was the fireman, saw the plaintiff standing between the tracks when about 1700 feet away and called the engineer's attention to the fact. . . . The train was traveling at the rate of 45 to 50 miles an hour and its speed was not slackened before the collision.''

█ The power of the court to enter a judgment in favor of the moving party notwithstanding a verdict is the same as the power of the court to grant a nonsuit. It has no power on such a motion to weigh the evidence. In the present case, therefore, disregarding conflicting evidence and

according to the evidence favorable to the plaintiff all the value to which it is legally entitled, including every legitimate inference that may be drawn therefrom, if there is any evidence of sufficient substantiality to support the jury's verdict for the plaintiff, the court was without power to enter the judgment for the defendant. (*Hunt* v. *United Bank & Trust Co.*, 210 Cal. 108, 118 [291 Pac. 184]; *Estate of Flood*, 217 Cal. 763 [21 Pac. (2d) 579]; Code Civ. Proc., sec. 629.) As stated in *Hunt* v. *United Bank & Trust Co., supra,* "if, in the opinion of the court, the evidence is unreliable, it is its duty to grant a new trial, and it may grant such trial even where there is substantial evidence to sustain the verdict, if it believes that the evidence preponderates against the verdict".

Counsel have argued at length the applicability to the facts of the doctrine of last clear chance. The plaintiff contends that the judgment was erroneous because the verdict should stand under the application of that doctrine. The court did not instruct the jury upon that theory, but did fairly and fully instruct the jury upon the issues of negligence and contributory negligence. It may be assumed that the court omitted to instruct the jury on the doctrine of last clear chance because of the decisions which hold that the doctrine is inapplicable where an essential element is lacking, viz., the element that the plaintiff must have been imperiled so as to have been unable to escape by the exercise of ordinary care. (See *Holmes* v. *Southern Pacific Coast Ry. Co.*, 97 Cal. 161 [31 Pac. 834]; *Everett* v. *Los Angeles Consolidated Elec. Ry. Co.*, 115 Cal. 105 [43 Pac. 207, 46 Pac. 889, 34 L. R. A. 350]; *Green* v. *Los Angeles Terminal Ry. Co.*, 143 Cal. 31, 42 [76 Pac. 719, 101 Am. St. Rep. 68]; *Hamlin* v. *Pacific Elec. Ry. Co.*, 150 Cal. 776, 782 [89 Pac. 1109]; *Basham* v. *Southern Pacific Co.*, 176 Cal. 320, 325 [168 Pac. 359]; *Young* v. *Southern Pacific Co.*, 182 Cal. 369 [190 Pac. 36], and 189 Cal. 746 [210 Pac. 259]; *Palmer* v. *Tschudy*, 191 Cal. 696 [218 Pac. 36]; *Giannini* v. *Southern Pac. Co.*, 98 Cal. App. 126 [276 Pac. 618].) The defendant contends that this essential element is lacking in the present case because if the plaintiff had kept a watch to the north or had looked to the north again he would have seen the approaching southbound train and could have stepped into a place of safety.

We find it unnecessary to discuss the merits of the plaintiff's contention that his unawareness of the danger which threatened him was sufficient to supply the claimed missing element. (See *Darling* v. *Pacific Electric Ry. Co.*, 197 Cal. 702, 707, 708 [242 Pac. 703]; *Palmer* v. *Tschudy, supra.*) However, it may be noted that this court has lately said that "a defendant is never relieved of liability if he has it in his power to prevent injuring another, and this is so whether one is unaware of his peril by reason of his negligence or not. The rule of the last clear chance means just what the words imply; namely, if one has the opportunity of avoiding the injury, he must at his peril exercise it." (*Center* v. *Yellow Cab Co.*, 216 Cal. 205, 208 [13 Pac. (2d) 918]; see, also, *Girdner* v. *Union Oil Co.*, 216 Cal. 197 [13 Pac. (2d) 915].) It was shown in this case that it was customary for passengers taking the northbound train to stand between the tracks to flag the train, and it may be said that the place taken by the plaintiff was not necessarily a warning to the defendant's employees that the plaintiff was in a position of such danger as to require emergency action on the part of the former. It does not necessarily appear, therefore, that the defendant's employees had such knowledge of the plaintiff's peril as to make applicable the last clear chance doctrine. It is quite apparent therefore, that the court properly omitted to instruct the jury on that theory.

The question then is whether there was evidence of sufficient substantiality to support the verdict in the plaintiff's favor. The solution depends upon the state of the record and the decisions with reference to the issues of negligence and contributory negligence. The defendant contends that the plaintiff was guilty of contributory negligence as a matter of law and that the trial court appropriately exercised its power in entering a judgment for the defendant notwithstanding the verdict pursuant to the case of *Holmes* v. *Southern Pacific Coast Ry. Co., supra.* That case and the cases following it apply the general rule that "a railroad track upon which trains are constantly run is itself a warning to any person who has reached years of discretion, and who is possessed of ordinary intelligence, that it is not safe to walk upon it, or near enough to it to be struck by a passing train, without the exercise of constant vigilance in order to be made

aware of the approach of a locomotive, and thus be enabled to avoid receiving injury; and the failure of such a person, so situated with reference to the railroad track, to exercise such care and watchfulness, and to make use of all his senses, in order to avoid the danger incident to such situation, is negligence *per se.*"

It has been so many times decided as now to appear incontrovertible, that this general rule does not apply in all its strictness as to the *quantum* of care required of the plaintiff when he is upon the tracks of the defendant with the intention of becoming a passenger on its train and at a station or similar stopping place maintained by the company for the purpose of receiving passengers. The rule applicable in such cases is that stated in *Wilkinson* v. *United Railroads,* 195 Cal. 185, 199 [232 Pac. 131], with supporting authorities. That and other cases hold that the general rule as to the *quantum* of care required of persons about to cross the tracks does not apply where passengers are obliged, in boarding a train, to cross intervening tracks, but the passenger is entitled to assume that the company will so regulate the movement of its trains as to enable him to cross in safety. In such cases the intending passenger is not absolved from the exercise of any care, but the question whether he has exercised ordinary care under the circumstances involved and the question whether the defendant has fulfilled the duty enjoined upon it by virtue of the relationship between it and the person upon its premises by its invitation are ordinarily for the jury to determine. (See *Anderson* v. *San Francisco-Oakland Terminal Rys.,* 61 Cal. App. 21, 24 [214 Pac. 289]; *Aydlott* v. *Key System Transit Co.,* 104 Cal. App. 621, 627 [286 Pac. 456]; *Choquette* v. *Key System Transit Co.,* 118 Cal. App. 643, 650 [5 Pac. (2d) 921]; *Warner* v. *Baltimore & Ohio R. Co.,* 168 U. S. 339 [18 Sup. Ct. 68, 42 L. Ed. 491]; *Chunn* v. *City & Suburban Ry.,* 207 U. S. 302 [28 Sup. Ct. 63, 52 L. Ed. 219]; *Klein* v. *Jewett,* 26 N. J. Eq. 474; *Terry* v. *Jewett,* 78 N. Y. 338; *Brassell* v. *New York C. & H. R. R. Co.,* 84 N. Y. 241; *Hirsch* v. *New York & G. L. R. Co.,* 53 Hun (N. Y.), 633 [6 N. Y. Supp. 162]; *Pennsylvania R. Co.* v. *Rogers,* 244 Fed. 76; *Tubbs* v. *Michigan Cent. R. Co.,* 107 Mich. 108 [64 N. W. 1061, 61 Am. St. Rep. 320]; *Karr* v. *Milwaukee Light, Heat & Traction Co.,* 132 Wis. 662 [113 N. W. 62, 122 Am.

St. Rep. 1017, 13 L. R. A. (N. S.) 283]; *Illinois Central R. Co.* v. *Daniels,* 96 Miss. 314 [50 So. 721, 27 L. R. A. (N. S.) 128], and note.)

The foregoing cases distinguish the rule of the Holmes case, which follows the general rule applicable at crossings, and the rule of the Wilkinson case, which states the rule applicable at stations, as they were distinguished in *Choquette* v. *Key System Transit Co., supra.* In the cases relied upon by the defendant either the general crossing rule of the Holmes case was applicable to the particular facts; or, also as in the Holmes case, the plaintiff was in fact so clearly negligent as to bar recovery as a matter of law. Such cases are *Bradley* v. *Davis,* 223 Mich. 275 [193 N. W. 819]; *Byrne* v. *Boston Elevated Ry. Co.,* 198 Mass. 444 [85 N. E. 78]; *Lynn* v. *Pittsburgh & L. E. R. Co.,* 267 Pa. 41 [110 Atl. 271]; *Matthews* v. *Pennsylvania R. Co.,* 148 Pa. 491 [24 Atl. 67]; *Twyman* v. *Baltimore & O. R. Co.,* 295 Fed. 639; *Cranch* v. *Brooklyn Heights R. R. Co.,* 186 N. Y. 310 [78 N. E. 1078].

It must be obvious that, when the applicable rule of the Wilkinson case rather than the general rule of the Holmes case is considered and applied to the facts favorable to the plaintiff's case, the plaintiff cannot be · considered guilty of negligence as a matter of law. The plaintiff took some measure of care for his own safety and the evidence is conflicting on the question whether the defendant's employees gave sufficient warning of the approach of the southbound train, which was late. We are not persuaded that the appropriate rule is relaxed in the defendant's favor because Lomita Park was a flag stop for the northbound train which the plaintiff desired to board. That fact can have a bearing only upon the *quantum* of care which the jury may find should have been exercised by the respective parties. We conclude that the issues of negligence and contributory negligence were properly for the jury on the record presented and that the judgment for the defendant notwithstanding the verdict was therefore erroneous.

The judgment is reversed.

Rehearing denied.·