[Civ. No. 19580.   First Dist., Div. Three.   May 1, 1962.]

DONALD RIGGINS, Plaintiff and Appellant, v. PACIFIC GREYHOUND LINES, Defendant and Respondent.

Alfred Nelson for Plaintiff and Appellant.

Hardin, Fletcher, Cook & Hayes and Cyril Viadro for Defendant and Respondent.

SALSMAN, J.—The plaintiff sought damages from defendant for personal injuries, and appeals from an adverse judgment based on a jury's verdict. There is no contention that the evidence does not support the judgment. The only basis for the appeal is a claim of error in the court's instructions to the jury.

The accident occurred September 3, 1947, a few days after plaintiff's 14th birthday. Suit was filed August 24, 1955,

two days before plaintiff's 22d birthday. Trial began March 16, 1960.

On September 3, 1947, plaintiff became a passenger on defendant's bus near Tracy. The bus was headed west on Highway 50. Plaintiff asked to be discharged at the intersection of Highway 50 and Hansen Road. Plaintiff testified he told the bus driver he intended to go to Bob Currier's ranch on the south side of Highway 50; that the bus driver said nothing; that the bus stopped partly on the shoulder and partly on the traveled portion of the highway; that the motor of the bus was racing and making noise; that after plaintiff left the bus it pulled back on the highway and continued west; that plaintiff looked east to his left, as he faced south; that plaintiff started across the highway; that he started across the highway when the bus was about one-third of a block away; that he was struck and injured by an eastbound vehicle.

Mr. Molino, the driver of the eastbound vehicle, testified that he had passed the bus before he saw plaintiff; that he first saw plaintiff 100 feet away. From the statements of this witness also the jury could infer that plaintiff was on the shoulder of the highway when Molino first saw him and that plaintiff trotted across the highway in front of the Molino vehicle.

■■■ Plaintiff requested and the court gave BAJI instructions 147, 148 and 204-K, relating to the degree of care to be exercised by children, and by adults toward children, and the possible duty on the part of the operator of a bus to warn a child passenger of traffic dangers to be met on alighting from a bus. A portion of BAJI 147 reads: "There is no precise age at which, as a matter of law, a child comes to be held accountable for his actions by the same standard as applies to an adult. It is for you to determine the mental capacity and experience of [Donald Riggins] and whether his conduct was or was not such as might reasonably have been expected from a child of like age, capacity and experience, under the same or similar circumstances."

At defendant's request the court also instructed the jury in the language of BAJI 204-I, defining the duration and end of the passenger-carrier relationship. The instruction reads as follows: "The relationship of passenger and carrier, during the existence of which the carrier is obligated to exercise the highest degree of care, continues while the passenger is in the act of alighting and until he has actually

cleared the bus or has had reasonable opportunity after leaving the bus to get beyond danger from its operation. When, however, he has alighted from the bus and has had the reasonable opportunity just mentioned, from that time on he is no longer a passenger, and the carrier is not responsible for his safe passage thereafter to any intended point of arrival."

The sole ground of plaintiff's appeal is that BAJI 204-I conflicts with BAJI 147, 148 and 204-K, and that the court, by instructing in the terms of BAJI 204-I told the jury, in effect, to return a verdict for the defendant.

We find no inconsistency in these instructions as applied to the evidence in this case. Plaintiff was just past 14 years of age when the accident happened. He had lived in the vicinity where the accident took place, and many times had taken this same route, by bus, to the same destination. The jury was entitled to and no doubt did consider this as well as all of the other evidence in the case in connection with a claimed duty on the part of the bus driver to warn plaintiff of traffic hazards which he might encounter after leaving the bus. It was for the jury to decide if, under all the circumstances of this case, the bus driver was under a duty to warn plaintiff of possible danger, and it was for the jury to decide if plaintiff should be held accountable for his actions by the same standard as applies to an adult. This demonstrates the propriety of the instruction to which plaintiff objects on this appeal. If the jury concluded from all the circumstances of the case that plaintiff should be held accountable for his conduct by the same standard as applies to an adult, then no duty to warn would arise and the jury would be entitled to know when, as a matter of law, the relationship of passenger and carrier terminates, and when the duties imposed by law upon a common carrier of passengers for hire comes to an end. This is all that BAJI 204-I told the jury and they were entitled to hear it.

The plaintiff cites and relies on *Shannon* v. *Central-Gaither Union School Dist.*, 133 Cal.App. 124 [23 P.2d 769], and *Parker* v. *City & County of San Francisco*, 158 Cal.App.2d 597 [323 P.2d 108]. Neither case is contrary to anything said here. The court in the *Shannon* case affirmed a judgment for plaintiff on the ground that the evidence supported the findings of the jury to the effect that the bus driver was negligent, and that his negligence proximately contributed to the accident and plaintiff's injuries. The rules relating to the duty

of care owed to children were reviewed by the court in that case and the substance of those rules is incorporated in the BAJI instructions requested by plaintiff and given by the court in this case. In the *Parker* case the bus driver discharged a passenger while the bus was in the middle of the street, and the passenger was struck and injured by an oncoming vehicle before the passenger could reach the safety of the sidewalk. The court correctly stated at pages 602-603 : ''While a carrier of passengers for hire is held to the exercise of the highest degree of care for the safety of passengers in their transportation and is liable for any injury sustained for failure to exercise such care (see Civ. Code, § 2100; *Bonneau* v. *North Shore R.R. Co.,* 152 Cal. 406, 409 [93 P. 106, 125 Am.St. Rep. 68] ; *Osgood* v. *Los Angeles etc. Co.,* 137 Cal. 280 [70 P. 169, 92 Am.St.Rep. 171] ), that high degree of care ends when the passenger safely alights from the bus. (See *MacLean* v. *City & County of San Francisco,* 127 Cal.App.2d 263, 272 [273 P.2d 698], and *Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729, 735 [306 P.2d 432].) This means that the duty ends when the passenger is discharged into a relatively safe space, not merely that he alights safely from the bus if he is discharged into a dangerous area.''

In the case here before us, plaintiff was discharged into a relatively safe place, namely, on the shoulder of the highway, several feet away from the nearest traffic lane. If the jury determined that plaintiff was entitled to a warning and none had been given it would then be required to decide if the failure to warn was a proximate cause of the accident. On the other hand, if the jury determined that under the circumstances of this case no warning was necessary to be given by the bus driver to plaintiff, then the jury was entitled to know when the relationship of passenger and carrier comes to an end. Besides, plaintiff did not rest his case entirely upon alleged failure to give warning. He claimed that there was negligence in two other respects, namely: (1) That the bus was stopped, not completely off the highway, but partly on and partly off the highway in alleged violation of section 582 of the Vehicle Code. This, plaintiff contended, reduced the space wherein it would be possible to see the approaching vehicle. (2) That the driver of the bus raced the motor as plaintiff was alighting and that this action prevented plaintiff from crossing in front of the bus, by which procedure, he contends, he would have had a better opportunity of seeing the approaching vehicle. These theories would be applicable regard-

less of plaintiff's age; and therefore defendant was entitled to the instruction relating to the termination of the passenger relationship. An instruction in the language of BAJI 204-I was thus appropriate, and indeed necessary. We find no error.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 27, 1962.