Filed 8/28/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ALICE B. CHURCHMAN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>BAY AREA RAPID TRANSIT DISTRICT,<br><br>        Defendant and Respondent. | A151698<br><br>(Alameda County<br>Super. Ct. No. RG16829239) |

In a crowded, noisy train station, a passenger loses her balance, falls, and injures herself.  The main issue we are asked to decide is whether the train operator owed the passenger a heighted duty of care under Civil Code section 2100, which imposes on common carriers a duty to "use the utmost care and diligence for [passengers'] safe carriage."  We hold that section 2100 does not apply to minor, commonplace hazards in a train station.  Moreover, because the train operator here is a public agency, it is not liable for personal injuries in the absence of a statute providing for liability.  (Gov. Code, § 815.)  We conclude there is no statutory basis for liability and affirm the trial court's dismissal of the action.

**BACKGROUND**

In her third amended complaint, Alice Churchman alleged she bought a train ticket at a station operated by the Bay Area Rapid Transit District (District).  She passed through turnstiles and went to the boarding platform.  Several factors combined to create a confusing situation on the platform:  the "opening and closing of doors on opposite side [*sic*] of the cars"; partially inaudible and confusing instructions broadcast over the public

address system; and "abrupt turns and moves" by other passengers trying to board a train. These factors caused Churchman to lose her balance and fall.

Churchman sued the District for violating its duty of care as a common carrier. (Civ. Code, § 2100 et seq.)  Relying on *McGettigan v. Bay Area Rapid Transit Dist.* (1997) 57 Cal.App.4th 1011, the District demurred on the ground it has no common law negligence liability and its liability as a common carrier applies only to passengers in transit, i.e., aboard the BART train.  The trial court agreed with the District, sustained the demurrer without leave to amend, and dismissed the action.

## DISCUSSION

### A.

We review an order sustaining a demurrer de novo, exercising our independent judgment as to whether, as a matter of law, the complaint states a cause of action on any available legal theory.  (See *Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501.) We assume the truth of all material factual allegations together with those matters subject to judicial notice.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  Additionally, we review de novo the trial court's determination on undisputed facts of whether the District owed Churchman a heightened duty of care due to its status as a common carrier.  (*Orr v. Pacific Southwest Airlines* (1989) 208 Cal.App.3d 1467, 1473.)

### B.

Because the District is a public agency, we briefly pause to explain the framework for government tort liability.

Prior to 1961, under the common law, the government was generally immune to tort liability.  (*Nestle v. City of Santa Monica* (1972) 6 Cal.3d 920, 931.)  In *Muskopf v. Corning Hospital Dist.* (1961) 55 Cal.2d 211, 216, our Supreme Court abrogated the rule as unjust.  Following *Muskopf*, the Legislature enacted Civil Code former section 22.3, which temporarily reinstated the law that existed prior to *Muskopf.*  (*Nestle*, at pp. 931–932.)  The Legislature asked the California Law Revision Commission to study governmental tort liability during the moratorium period.  After receiving the

2

Commission's recommendations, the Legislature passed the California Tort Claims Act of 1963 (Gov. Code, § 810, et seq.). (*Id.*, at p. 932.)

Government Code section 815 is the "policy cornerstone" of the act. (*Nestle v. City of Santa Monica, supra,* 6 Cal.3d at p. 932.) It declares sovereign immunity to be the general rule, subject only to statutory exceptions: "Except as otherwise provided by statute[,] . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of a public entity or a public employee or any other person." (Gov. Code § 815, subd. (a).) In a comment on the statute, a legislative committee explained, "This section abolishes all common law or judicially declared forms of liability for public entities . . . In the absence of a constitutional requirement, public entities may be found liable only if a statute . . . is found declaring them liable." (Legis. Com. com., 32 West's Ann. Gov. Code (2012) foll. § 815, pp. 215–216; see *Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 899.) Consequently, " 'all government tort liability must be based on statute.' " (*Hoff v. Vacaville Unified School Dist.* (1998) 19 Cal.4th 925, 932, quoting *Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 785, fn. 2.) "[T]he intent of the act is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances; immunity is waived only if the various requirements of the act are satisfied." (*Williams v. Horvath* (1976) 16 Cal.3d 834, 838.)

Churchman has identified Civil Code sections 2100 through 2103 as statutory bases for the District's liability. These statutes establish duties for common carriers, and we now turn to them.

## C.

Civil Code section 2100 applies to both public and private common carriers and therefore is a proper basis for public agency liability. (*Lopez v. Southern Cal. Rapid Transit Dist., supra,* 40 Cal.3d at p. 785 & fn. 2.) The statute imposes a heightened standard of care that common carriers owe to their passengers: "A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide

everything necessary for that purpose, and must exercise to that end a reasonable degree of skill." (Civ. Code, § 2100.)

While this heightened standard applies to a passenger in transit, it generally does not apply to a passenger waiting in, or passing though, a station or terminal. (*Orr v. Pacific Southwest Airlines, supra,* 208 Cal.App.3d at pp. 1473–1474 [no heightened duty where plaintiff was injured in a security screening area of airport terminal]; *Robson v. Union Pacific R. R. Co.* (1945) 70 Cal.App.2d 759, 761 ["railroad is not an insurer of the safety of its station premises, but is required to exercise only ordinary care as to its invitees"]; see generally 6 Witkin, Summary of Cal. Law (11th ed. 2017) Torts § 1059, pp. 233–234.) Our Supreme Court has explained, " '[t]he passenger while in actual progress upon his journey is exposed to countless hazards, gives himself wholly in charge of the carrier . . . . But a rule properly ceases with the reason for it; therefore, as a passenger's entrance to the carrier's station is characterized by none of the hazards incident to the journey itself, the rigor of the rule above announced is justly relaxed, in that at such a time and place the carrier is bound to exercise only a reasonable degree of care for the protection of his passengers.' " (*Falls v. San Francisco etc. R. R. Co.* (1893) 97 Cal. 114, 119.)

But there are exceptions. The heightened standard may apply when a passenger, having purchased a ticket, is injured while being conducted to the boarding area by the carrier's agent. (*Sanchez v. Pacific Auto Stages* (1931) 116 Cal.App. 392, 394, 396–397 [plaintiff was hit by car while being escorted across highway by bus company employee]; *Grier v. Ferrant* (1944) 62 Cal.App.2d 306, 309–311 [disabled passenger slipped on wet surface while being escorted to taxi by cab company employee].) By assuming responsibility for escorting the passenger to the point of departure, the carrier establishes the carrier-passenger relationship and triggers the heightened duty of care (see *Sanchez, supra,* at p. 936), which continues until the passenger has been safely discharged. (See *Riggins v. Pacific Greyhound Lines* (1962) 203 Cal.App.2d 125, 128.)

The heightened standard of care also may apply to mobile hazards peculiar to the transportation service, such as cable cars passing through a boarding area (*Brandelius v.*

4

*City and County of S. F.* (1957) 47 Cal.2d 729, 736), or jet blasts from an airplane (see *Marshall v. United Airlines* (1973) 35 Cal.App.3d 84, 87 [dicta].). Trains, cable cars, planes and similar vehicles present special risks, and common carriers are charged with a higher standard of care when operating them. (*Sellars v. Southern Pacific Company* (1917) 33 Cal.App. 701, 705-706.) Churchman relies heavily on this line of cases. (E.g., *Ferran v. Southern Pac. Co.* (1935) 3 Cal.2d 350, 352 [plaintiff struck by train in boarding area]; *Sexton v. Key System Transit Lines* (1956) 144 Cal.App.2d 719, 720 [same]; *Lagomarsino v. Market Street Ry. Co.* (1945) 69 Cal.App.2d 388, 390–391 [plaintiff struck by streetcar].)

In contrast, if a passenger injures herself when encountering minor commonplace hazards that one expects in a station or terminal, the heightened duty does not apply. Thus, courts have held common carriers to an ordinary standard of care when a passenger tripped over cargo while navigating crowds in a boarding area (*Falls v. San Francisco etc. R. R. Co., supra,* 97 Cal. at pp. 117–120), or fell when jostled by another person in a " 'disorderly, confused, and chaotic' " airport screening area (*Orr v. Pacific Southwest Airlines, supra,* 208 Cal.App.3d at p. 1470; *id.* at pp. 1471, 1473–1474), or tripped on a chipped floor tile in a train station (*Robson v. Union Pacific R. R. Co., supra,* 70 Cal.App.2d at pp. 761–763). Indeed, our Supreme Court has said a carrier is not required to " 'treat its passengers as children' " and passengers must familiarize themselves with commonplace conditions of railway traveling. (*Falls*, at p. 121; see *McGettigan v. Bay Area Rapid Transit Dist., supra,* 57 Cal.App.4th at p. 1021 ["the fact that [an intoxicated passenger ejected from a train] managed to injure himself on a [train] platform does not establish that [the carrier] exposed him to 'mobile or animated' hazards when it left him standing there"].)

Here, the trial court correctly ruled that Civil Code section 2100 does not extend to Churchman's injuries, which were caused by ordinary risks of a busy train platform: crowds of people moving in multiple directions, noise, partially inaudible announcements on the public address system, and train doors abruptly opening and closing as passengers board and disembark. (See *McGettigan v. Bay Area Rapid Transit Dist., supra,*

5

57 Cal.App.4th at p. 1021; *Falls v. San Francisco etc. R. R. Co., supra,* 97 Cal. at pp. 120–121.)  Civil Code section 2100 does not provide a basis for liability in this case.

**D.**

We reject Churchman's arguments that the District may be liable for failure to provide safe vehicles (Civ. Code, § 2101); overcrowded or overloaded vehicles (*id.*, § 2102); or failure to give passengers reasonable accommodation, treat them civilly, or give them a reasonable amount of attention (*id.*, § 2103).  None of these things caused Churchman's injuries.

**E.**

Churchman does not identify any other statutory basis for liability.  Although she suggested in the trial court the District may be liable for a dangerous condition of public property (see Gov. Code, § 835), she now concedes there was no physical defect in the boarding platform.  (See *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1135 [§ 835 requires "some defect in the property itself"].)  She does not claim the District is vicariously liable for negligent acts of its employees.  (See Gov. Code, § 815.2, subd. (a).)  Finally, she does not request further leave to amend her complaint.  (See *Zelig*, at p. 1126 [plaintiff has burden of showing amendment could cure complaint defect].)  The trial court properly sustained the District's demurrer and dismissed the action.

**DISPOSITION**

The judgment is affirmed.  Churchman shall bear the District's costs on appeal.

                                                    _____

BURNS, J.

WE CONCUR:


_____

JONES, P. J.


_____

SIMONS, J.

A151698
Superior Court of Alameda County, No. RG16829239, Robert D. McGuiness, Judge.

Sterns & Walker, Gerald Sterns, and Law Offices of Steven R. Jacobsen, Steven R. Jacobsen, for Plaintiff and Appellant.

Allen, Glaessner, Hazelwood & Werth, Kimberly Y. Chin and Lori A. Sebransky, for Defendant and Respondent.